# EXHIBIT A

**CT Corporation**
**Service of Process Notification**
04/14/2026
CT Log Number 551928886

## Service of Process Transmittal Summary

**TO:**     Kenneth Jones, VP & GC-MIDWEST DIV
Illinois-American Water Company
100 N WATER WORKS DR
BELLEVILLE, IL 62223-8600

**RE:**     **Process Served in Illinois**

**FOR:**    Illinois-American Water Company  (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LANDON BROOKS, individually and on behalf of all others similarly situated vs. Illinois-American Water Company |
| **CASE #:** | 2026LA000344 |
| **PROCESS SERVED ON:** | C T Corporation System, Chicago, IL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/14/2026 at 13:58 |
| **JURISDICTION SERVED:** | Illinois |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Kenneth Jones  kenneth.jones@amwater.com |
| | Email Notification,  Mary Beth Hercules  marybeth.herculesmifflin@amwater.com |
| | Email Notification,  Jaret Gronczewski  jaret.gronczewski@amwater.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 208 South LaSalle Street |
| | Suite 814 |
| | Chicago, IL 60604 |
| | 866-401-8252 |
| | LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Tue, Apr 14, 2026
**Server Name:**                   John Grena

| Entity Served | ILLINOIS-AMERICAN WATER COMPANY |
|---|---|
| Case Number | 2026LA000344 |
| Jurisdiction | IL |

| Inserts | | |
|---|---|---|
| | | |



#820473

# IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT

## ST. CLAIR COUNTY, ILLINOIS

LANDON BROOKS, individually and on behalf of all others similarly situated,

*Plaintiffs,*

v.

ILLINOIS AMERICAN WATER COMPANY,

*Defendant.*

2026LA000344

| | |
|---|---|
| **DEFENDANT:** | **ILLINOIS AMERICAN WATER COMPANY** |
| **SERVE:** | **CT CORPORATION SYSTEM** |
| | **208 SO LASALLE ST., SUITE 814** |
| | **CHICAGO, IL 60604** |

IMPORTANT: You have been sued.

- Read all documents attached to this Summons.

- You MUST file an official document with the court within the time stated on this Summons called an Appearance and a document called an Answer/Response. If you do not file an Appearance and Answer/Response on time, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.

- All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.

- After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efiling. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.

- You may be charged filing fees, but if you cannot pay them, you can file an Application for Waiver of Court Fees.

- It is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.

- Need help? Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents. You can also get free legal information and legal referrals at illinoislegalaid.org. All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.

- ¿Necesita ayuda? Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.

You are summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in the complaint.

This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

Witness: the Clerk of the Circuit Court and the seal thereof at Belleville, Illinois, this __13th__ day of __April__, 2026.

(Clerk of the Circuit Court)

KINNIS WILLIAMS, SR, Circuit Clerk

BY:____/s/ Vakeia Ballard____
(Deputy Clerk)

(Plaintiff's attorney or plaintiff if he is not represented by an attorney)
Carson Menges #6286858
cmenges@mengesfirm.com
6400 W. Main St. Suite 1G
Belleville, IL 62223
(618) 424-4450

Date of Service: _____4/14/26_____, 2026.
(To be inserted by officer on the copy left with the defendant or other person)

Electronically Filed
Kinnis Williams, Sr.
Circuit Clerk
Vakeia Ballard
2026LA000344
St. Clair County
4/10/2026 10:07 AM
37530408

## IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## ST. CLAIR COUNTY, ILLINOIS

LANDON BROOKS, individually and on behalf of all others similarly situated,

*Plaintiff,*

v.

ILLINOIS AMERICAN WATER COMPANY,

*Defendant.*

Case No.: **2026LA000344**

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff, individually and on behalf of all others similarly situated, by and through their undersigned counsel, and for their Class Action Complaint against Defendant Illinois American Water Company ("IAWC" or "Defendant"), state as follows:

### I. PRELIMINARY STATEMENT PURSUANT TO ILLINOIS SUPREME COURT RULE 222

1. Pursuant to Illinois Supreme Court Rule 222(b), Plaintiff state that the damages sought exceed $50,000, exclusive of interest and costs.

### II. NATURE OF THE ACTION

2. This is a statewide class action arising from Defendant's supply of drinking water contaminated with per- and polyfluoroalkyl substances ("PFAS") to residential, commercial, and institutional customers throughout Illinois.

BROOKS, ET AL. V. ILLINOIS AMERICAN WATER COMPANY,
CLASS ACTION COMPLAINT

3.      IAWC is a private, investor-owned water company headquartered in Belleville, Illinois, responsible for sourcing, treating, and distributing drinking water to hundreds of thousands of Illinois residents.

4.      PFAS are synthetic chemicals associated with serious health risks, including increased cancer risk, immune system suppression, thyroid disruption, liver toxicity, developmental harm, and elevated cholesterol.

5.      Plaintiff alleges that Defendant supplied water unfit for ordinary use, in breach of the implied warranty of merchantability under Illinois common law.

6.      Plaintiff further alleges that Defendant acted negligently, failed to warn customers of known or foreseeable PFAS contamination, violated the Illinois Consumer Fraud Act, and engaged in fraudulent concealment and misrepresentation regarding the safety and quality of its water.

7.      Plaintiff seeks damages, injunctive relief, punitive damages, medical monitoring, and all other remedies available under Illinois law.

## III.    PARTIES

8.      Plaintiff Landon Brooks is a resident of St. Clair County, Illinois, who has purchased and consumed water supplied by IAWC continuously from 2021 to the present. Plaintiff Brooks used IAWC water for drinking, cooking, bathing, and other ordinary household purposes. As a result of Defendant's conduct, Plaintiff Brooks has suffered economic damages, including overpayment for contaminated water and the cost of purchasing bottled water and filtration systems.

9.      Defendant Illinois American Water Company is a private corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Belleville,

Illinois.

## IV.    JURISDICTION AND VENUE

10.    This Court has jurisdiction over this action pursuant to Illinois law governing civil actions.

11.    Venue is proper in St. Clair County because Plaintiff and Defendant reside in this county and Defendant conducts business in this county, and supplied contaminated water to customers within this judicial district.

## V.    FACTUAL ALLEGATIONS

### A. PFAS Background

12.    PFAS are man-made chemicals used in industrial processes, non-stick coatings, waterproofing, and numerous consumer products.

13.    PFAS are extremely persistent in the environment and the human body, earning the designation "forever chemicals."

14.    PFAS accumulate in water systems, soil, wildlife, and human blood.

15.    The U.S. Environmental Protection Agency ("EPA") has identified PFAS as posing significant public health risks even at extremely low concentrations.

16.    Scientific studies link PFAS exposure to:

> a. Kidney and testicular cancer;
>
> b. Immune system suppression;
>
> c. Thyroid and hormonal disruption;
>
> d. Liver toxicity;
>
> e. Developmental and reproductive harm;
>
> f. Increased cholesterol; and

BROOKS, ET AL. V. ILLINOIS AMERICAN WATER COMPANY,
CLASS ACTION COMPLAINT

g. Pregnancy complications.

**B. PFAS in IAWC Water Systems**

17.    PFAS contamination has been detected in multiple IAWC service regions across Illinois, including but not limited to St. Clair County.

18.    PFAS levels in certain IAWC systems have exceeded health advisory levels, proposed regulatory limits, or levels considered safe by public health authorities.

19.    Defendant knew or should have known that PFAS contamination was likely present in its source waters.

20.    Despite this knowledge, Defendant failed to:

a. Adequately test for PFAS;

b. Implement appropriate filtration or treatment;

c. Warn customers of contamination;

d. Provide alternative safe water; and

e. Adequately disclose the risks associated with PFAS exposure.

21.    Plaintiff and Class members reasonably relied on Defendant to supply potable water fit for drinking, cooking, bathing, and other ordinary household uses.

22.    The contaminated water supplied by Defendant was not fit for these ordinary purposes.

23.    As a direct and proximate result of Defendant's conduct, Plaintiff and Class members suffered economic damages, including overpayment for contaminated water, the cost of bottled water, filtration systems, medical monitoring, and loss of benefit of the bargain.

**VI.    CLASS ALLEGATIONS**

24.    Plaintiff brings this action on behalf of a statewide Class defined as:

**All Illinois residents who purchased water from Illinois American Water Company during the Class Period, which is defined as the four years prior to the filing date of this complaint to the present (the "Class Period").**

25.    The Class consists of over a million customers served by IAWC across its Illinois service areas, making joinder of all members impracticable.   The precise numbers of Class Members is ascertainable from Defendant's billing records.

Common questions of law and fact predominate, including:

a. Whether Defendant supplied water contaminated with PFAS;

b. Whether the water was unfit for ordinary use;

c. Whether Defendant breached the implied warranty of merchantability;

d. Whether Defendant acted negligently;

e. Whether Defendant failed to warn customers of known contamination;

f. Whether Defendant concealed or misrepresented the safety of its water;

g. Whether Defendant violated the Illinois Consumer Fraud Act;

h. Whether medical monitoring is warranted; and

i. The appropriate measure of damages.

26.    Plaintiff's claims are typical of the Class because all Class members purchased water from Defendant that was contaminated with PFAS, as well as because all Plaintiff's claims arise from the same course of conduct by Defendant—namely, Defendant's uniform failure to adequately test for, treat, and disclose PFAS contamination in its water systems—and the same legal theories apply to all Class members' claims. No unique defenses apply to the named Plaintiff that would render their claims atypical.

27.    Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's

BROOKS, ET AL. V. ILLINOIS AMERICAN WATER COMPANY,
CLASS ACTION COMPLAINT

interests are aligned with, and not antagonistic to, the interests of absent Class members. Plaintiff has no conflicts of interest with the Class.

28.    Plaintiff has retained counsel experienced in complex litigation, environmental contamination, and class actions, who are qualified to prosecute this action vigorously on behalf of the Class.

29.    A class action is superior to individual litigation because the damages suffered by individual Class members are relatively small compared to the cost of litigation, a class action will promote judicial economy, avoid the risk of inconsistent adjudications, and no other pending litigation is likely to resolve the claims of all Class members more efficiently.

30.    Defendant has acted or refused to act on grounds generally applicable to the Class, making injunctive relief appropriate.

## COUNT I
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## (ILLINOIS COMMON LAW)

31.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

32.    Defendant, as a supplier of drinking water, impliedly warranted that the water it provided was merchantable and fit for ordinary use.

33.    Ordinary consumers reasonably expect drinking water to be safe for consumption and household use.

34.    The presence of PFAS contamination rendered Defendant's water unfit for its ordinary purposes.

35.    Defendant breached the implied warranty of merchantability by supplying contaminated water.

36.    As a result of this breach, Plaintiff and Class members suffered damages, including but not limited to:

a. Paying for water that was not of merchantable quality;

b. Purchasing bottled water or filtration systems; and

c. Loss of benefit of the bargain.

## COUNT II
## NEGLIGENCE

37.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

38:    Defendant owed Plaintiff and Class members a duty to exercise reasonable care in sourcing, treating, testing, and distributing safe, potable water, consistent with the standard of care applicable to a regulated water utility operating under Illinois law.

39.    Defendant breached that duty by, among other things: (a) failing to conduct adequate and timely testing for PFAS in its water systems; (b) failing to install or implement adequate treatment technologies, including granular activated carbon filtration, ion exchange systems, or reverse osmosis, to remove PFAS from its distributed water; (c) failing to warn customers of known or reasonably foreseeable PFAS contamination in its water systems; (d) Failing to disclose PFAS contamination data in Consumer Confidence Reports and other public disclosures; and (f) continuing to charge customers full price for water that Defendant knew or should have known was contaminated and unfit for ordinary use.

40.    Defendant had actual or constructive knowledge of the presence of PFAS in its water systems based on, among other things, UCMR testing data, EPA health advisories, industry publications, and state regulatory communications.

## COUNT III

BROOKS, ET AL. V. ILLINOIS AMERICAN WATER COMPANY,
CLASS ACTION COMPLAINT

**STRICT LIABILITY – FAILURE TO WARN**

41.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

42.    Defendant supplied a product—drinking water—that was contaminated with hazardous PFAS chemicals.

43.    Defendant knew or should have known that PFAS contamination posed significant health risks.

44.    Defendant failed to adequately warn Plaintiff and Class members of these risks.

45.    Defendant's failure to adequately warn rendered the water unreasonably dangerous.

46.    Plaintiff suffered damages as a result.

## COUNT IV
## FRAUD, MISREPRESENTATION, AND CONCEALMENT

47.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

48.    Defendant represented to customers, through its annual Consumer Confidence Reports, marketing materials, public statements, website disclosures, and regulatory filings, that its water was safe and potable.  Those representations were false and misleading because Defendant knew or should have known that its water contained PFAS at levels that posed health risks.

49.    Defendant concealed material facts regarding PFAS contamination, including:

   a. The presence of PFAS in its water systems;

   b. The health risks associated with PFAS exposure; and

   c. Its failure to implement adequate treatment or monitoring.

50.    Defendant intended that Plaintiff and Class members rely on its representations and omissions in continuing to purchase and consume Defendant's water and in foregoing the purchase

of alternative water sources or filtration systems.

51.    Plaintiff reasonably relied on Defendant's statements and silence.

52.    Plaintiff suffered damages as a result of Defendant's fraudulent conduct.

## COUNT V
## VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## (815 ILCS 505/1 et seq.)

53.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

54.    Defendant engaged in deceptive and unfair acts and practices in violation of 815 ILCS 505/2 by representing, through its Consumer Confidence Reports, billing statements, and public communications, that its water was safe, potable, and compliant with applicable standards, while simultaneously concealing the presence of PFAS contamination and the associated health risks.

55.    Defendant's omissions and misrepresentations were material and intended to induce reliance.

56.    Plaintiff and Class members suffered actual damages as a result of Defendant's deceptive conduct.

57.    Defendant's conduct occurred in the course of trade or commerce and impacts consumers statewide.

58.    Plaintiff seeks all remedies available under ICFA, including actual damages, statutory penalties, and attorneys' fees.

## COUNT VI
## MEDICAL MONITORING

59.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

---

BROOKS, ET AL. V. ILLINOIS AMERICAN WATER COMPANY,
CLASS ACTION COMPLAINT

60.    Plaintiff and Class members have been exposed to PFAS through Defendant's contaminated water supply at levels significantly greater than background levels in the general population, as a proximate result of Defendant's negligence and other violations of applicable law.

61.    PFAS exposure at the levels present in Defendant's water supply increases the risk of serious latent diseases, including kidney cancer, testicular cancer, thyroid disease, liver disease, immune system disorders, and reproductive and developmental harm.

62.    Established medical monitoring procedures exist, including blood serum PFAS level testing, cancer screening, thyroid function testing, liver function panels, cholesterol monitoring, and immunological assessments, that make early detection of PFAS-related diseases possible and that are different from the medical testing that would be prescribed in the absence of such exposure.

63.    Plaintiff seeks the establishment of a court-supervised medical monitoring program funded by Defendant.

## COUNT VII
### PRIVATE NUISANCE

64.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

65.    Plaintiff and Class members have a right to use and enjoy their properties, including the water supplied to their homes, free from contamination by hazardous substances.

66.    Defendant's supply and delivery of PFAS-contaminated water to Plaintiff's and Class members' homes constitutes a substantial and unreasonable interference with Plaintiff's and Class members' use and enjoyment of their properties.

67.    Defendant's conduct was intentional, unreasonable, and/or negligent, and the resulting interference with Plaintiff's and Class members' property rights has been continuous and

ongoing.

68.    As a direct and proximate result of Defendant's conduct, Plaintiff and Class members have suffered damages, including diminished property values, costs of remediation and filtration, and loss of use and enjoyment of their properties.

## COUNT VIII
## TRESPASS

69.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

70.    Defendant, by delivering PFAS-contaminated water through its distribution system and into the homes, businesses, and properties of Plaintiff and Class members, caused a physical invasion of Plaintiff's and Class members' properties by hazardous chemical contaminants.

71.    Defendant's introduction of PFAS contaminants onto Plaintiff's and Class members' properties was unauthorized and without consent.

72.    As a direct and proximate result of Defendant's trespass, Plaintiff and Class members have suffered damages, including contamination of their property, costs of remediation, and diminished property values.

## COUNT IX
## UNJUST ENRICHMENT

73.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

74.    Plaintiff and Class members conferred a monetary benefit on Defendant by paying for water service that Defendant represented would provide safe, potable drinking water.

75.    Defendant accepted and retained the benefit of Plaintiff's and Class members' payments while knowingly or negligently supplying contaminated water that was not fit for its intended purpose.

76.    It would be inequitable and unjust for Defendant to retain the benefit of Plaintiff's and Class members' payments without providing the safe, potable water for which those payments were made.

77.    Plaintiff and Class members are entitled to restitution and disgorgement of all amounts paid to Defendant for contaminated water.

## VII.    PUNITIVE DAMAGES

1.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

2.    Defendant's conduct was willful, wanton, reckless, and demonstrated a conscious disregard for the health and safety of Illinois residents.

3.    Defendant knowingly concealed contamination, failed to warn customers, and continued to profit from the sale of contaminated water.

4.    Punitive damages are warranted to punish Defendant and deter similar misconduct.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully request that the Court enter judgment in their favor and against Defendant, and award the following relief:

A.    **Certify the proposed Class** and appoint Plaintiff as Class Representative;

B.    **Appoint Plaintiff's counsel as Class Counsel**;

C.    **Award compensatory damages** to Plaintiff and the Class;

D.    **Award restitution and disgorgement** of all amounts wrongfully obtained by Defendant;

E.  **Order injunctive relief** requiring Defendant to remediate PFAS contamination, implement adequate treatment technologies, and provide safe water to all Class members;

F.  **Award punitive damages** for Defendant's fraudulent, reckless, and willful misconduct;

G.  **Award attorneys' fees and costs** pursuant to applicable law;

H.  **Award pre-judgment and post-judgment interest** as permitted by law;

I.  **Order the establishment of a medical monitoring program**, funded by Defendant, to provide ongoing health surveillance for Plaintiff and Class members exposed to PFAS;

J.  Order Defendant to implement a court-approved notice program to inform all Class members of the PFAS contamination in their water supply and the availability of remedies; and

K.  **Grant such other and further relief** as the Court deems just and proper.

Respectfully submitted,

LANDON BROOKS individually and on behalf of all others similarly situated,

Dated: April 10, 2026

By: /s/ Carson C. Menges
Carson C. Menges, #6286858
6400 W. Main St., Ste. 1G
Belleville, IL 62223
618-424-4450:  telephone
618-277-6649:  facsimile
cmenges@mengesfirm.com

Fletcher Trammell (TX Bar No. 24042053)
*Pro hac vice forthcoming*
**TRAMMELL PC**

BROOKS, ET AL. V. ILLINOIS AMERICAN WATER COMPANY,
CLASS ACTION COMPLAINT

3262 Westheimer, #423
Houston, TX 77098
Tel: (800) 405-1740
Fax: (800) 532-0992
fletch@trammellpc.com

Robert W. Cowan (TX Bar No. 24031976)
Aaron M. Heckaman (TX Bar No. 24059920)
Hayden Wyatt (TX Bar No. 24125876)
*Pro hac vices forthcoming*
Four Oaks Place
1360 Post Oak Boulevard, Suite 2300
Houston, TX 77056
Tel : 713-425-7100
Fax : 713-425-7101
rcowan@bchlaw.com
aheckaman@bchlaw.com
hwyatt@bchlaw.com

*Counsel for Plaintiff and the Proposed Class*

Electronically Filed
Kinnis Williams, Sr.
Circuit Clerk
Vakeia Ballard
2026LA000344
St. Clair County
4/10/2026 10:07 AM
37530408

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT**

**ST. CLAIR COUNTY, ILLINOIS**

LANDON BROOKS, individually and on behalf of all others similarly situated,

*Plaintiffs,*

v.

ILLINOIS AMERICAN WATER COMPANY,

*Defendant.*

Case No.:    **2026LA000344**

## AFFIDAVIT REGARDING DAMAGES SOUGHT

COMES NOW Carson C. Menges of Menges Law LLC, pursuant to Illinois Supreme Court Rule 222(b), and states on his oath that the damages sought in the above captioned matter exceed $50,000.

Respectfully submitted,

MENGES LAW LLC

By:_____

Carson C. Menges, #6286858
6400 W. Main St., Ste. 1G
Belleville, IL 62223
618-424-4450:  telephone
618-277-6649:  facsimile
cmenges@mengesfirm.com

Page 1 of 2

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Electronically Filed
Kinnis Williams, Sr.
Circuit Clerk
Vakeia Ballard
2026LA000344
St. Clair County
4/10/2026 10:07 AM
37530408

## IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT

## ST. CLAIR COUNTY, ILLINOIS

LANDON BROOKS, individually and on behalf of all others similarly situated,

*Plaintiffs,*

v.

ILLINOIS AMERICAN WATER COMPANY,

*Defendant.*

Case No.: **2026LA000344**

### NOTICE OF ATTORNEY'S LIEN

TAKE NOTICE that, pursuant to 770 ILCS 5/1, Plaintiff's attorneys Menges Law LLC, have a statutory lien upon any and all proceeds recovered in the above-numbered cause of action. Pursuant to Illinois law, 770 ILCS 5/1, this lien shall attach to any verdict, judgment or order entered and to any money or property which may be recovered, on account of such suits, claims, demands or causes of action, from and after the time of service of this notice.

Respectfully submitted,

MENGES LAW LLC

By:_____

Carson C. Menges, #6286858
6400 W. Main St., Ste. 1G
Belleville, IL 62223
618-424-4450:  telephone
618-277-6649:  facsimile
cmenges@mengesfirm.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon

Defendants with a copy of the complaint and summons as of the date noted on the return

summons.

_____

Electronically Filed
Kinnis Williams, Sr.
Circuit Clerk
Vakeia Ballard
2026LA000344
St. Clair County
4/10/2026 10:07 AM
37530408

# IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT

## ST. CLAIR COUNTY, ILLINOIS

LANDON BROOKS, individually and on
behalf of all others similarly situated,

*Plaintiffs,*

v.

ILLINOIS AMERICAN WATER
COMPANY,

*Defendant.*

Case No.:    **2026LA000344**

## ENTRY OF APPEARANCE

COME NOW Carson Menges and Menges Law LLC as counsel for the Plaintiffs, and

enter their appearance in the above numbered cause of action.

Respectfully submitted,

MENGES LAW LLC

Carson Menges #6286858
**MENGES LAW**
6400 West Main Street Suite 1G
Belleville, IL 62223
Telephone: (618) 424-4450
cmenges@mengesfirm.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon Defendants with a copy of the complaint and summons as of the date noted on the return summons.



Filed with the Twentieth Judicial Circuit
Kinnis Williams Sr. Clerk of the Circuit Court
St. Clair County, Illinois
On May 11, 2026 at 11:20 AM by CLM
Transaction number: 138210843-01



IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

**LANDON BROOKS**

Plaintiff/Petitioner

Vs

**ILLINOIS AMERICAN WATER COMPANY**

Defendant/Respondent

Case No.    2026 LA 000344

## INITIAL MANDATORY STATUS CONFERENCE SETTING ASSIGNMENT

Date: 6/15/2026      Time: 09:00 AM      Room: 401

The above-style case is assigned to:  HON. CHRISTOPHER KOLKER

Counsel familiar with the case and authorized to act is ordered to appear for an Initial Mandatory Status Conference on the above date, time and courtroom pursuant to Local Rul 6.07, and Supreme Court Rule 218.

At the aforesaid conference the following shall be considered:

1. Service upon all of the parties;

2. Whether the case will be jury or no-jury;

3. The nature, issues, and complexity of the case;

4. Simplification of the issues;

5. Amendments and challenges to the pleadings;

6. Admissions of fact and documents;

7. Limitations of discovery, including but not limited to written discovery, depositions, and opinion witnesses;

8. Third parties;

9. Scheduling of settlement conferences;

10. Necessity of subsequent case management conferences;

11. Trial settings.

Office of Chief Judge

ORDER