**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LANDON BROOKS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ILLINOIS-AMERICAN WATER COMPANY,<br><br>Defendant. | Case No. 3:26-CV-00650-SMY<br><br>Hon. Staci M. Yandle |

# FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Landon Brooks ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, files this First Amended Class Action Complaint against Defendant Illinois-American Water Company ("IAWC" or "Defendant"), and alleges as follows:

## PRELIMINARY STATEMENT

1. This First Amended Class Action Complaint is filed pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). No responsive pleading has been served and no motion under Rule 12(b), (e), or (f) has been filed in this Court. Plaintiff therefore amends as a matter of course.

2. Plaintiff originally filed this action on April 10, 2026 in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, Case No. 2026LA000344. On May 14, 2026, Defendant removed the action to this Court. Plaintiff disputes that this Court has subject-matter jurisdiction over this action and has filed (or will file) a Motion to Remand pursuant to 28 U.S.C. §§ 1447(c) and 1332(d)(4). The filing of this First Amended Class Action Complaint does not waive, and is made expressly subject to and without prejudice to, Plaintiff's right to seek remand.

3. Each of the causes of action asserted in this First Amended Class Action Complaint arises exclusively under the common law or statutes of the State of Illinois. Plaintiff asserts no claim under federal law. Plaintiff does not seek to enforce the Safe

Drinking Water Act, 42 U.S.C. § 300f et seq.; the Clean Water Act, 33 U.S.C. § 1251 et seq.; or any other federal statute or regulation. Plaintiff's references to U.S. Environmental Protection Agency ("EPA") health advisories, monitoring data, proposed drinking-water regulations, and other federal regulatory benchmarks serve as evidence of Defendant's notice and the unreasonableness of its conduct under Illinois law; they are not legal predicates for liability.

## NATURE OF THE ACTION

4. This is a statewide class action arising from Defendant's supply of drinking water contaminated with per- and polyfluoroalkyl substances ("PFAS") to residential, commercial, and institutional customers throughout the State of Illinois.

5. IAWC is a private, investor-owned water company, organized under the laws of the State of Illinois and headquartered in Belleville, Illinois, responsible for sourcing, treating, and distributing drinking water to more than one million Illinois customers.

6. PFAS are synthetic chemicals associated with serious health risks, including increased cancer risk, immune system suppression, thyroid disruption, liver toxicity, developmental harm, and elevated cholesterol.

7. Plaintiff alleges that Defendant supplied water unfit for ordinary use, in breach of the implied warranty of merchantability under Illinois common law.

8. Plaintiff further alleges that Defendant acted negligently, failed to warn customers of known or foreseeable PFAS contamination, violated the Illinois Consumer Fraud and Deceptive Business Practices Act, and engaged in fraudulent concealment and misrepresentation regarding the safety and quality of its water; that Defendant's conduct constitutes a private nuisance and trespass under Illinois law; and that Defendant has been unjustly enriched by retaining payments made for water that was not fit for its intended purpose.

9. Plaintiff seeks damages, restitution, disgorgement, injunctive relief, punitive damages, medical monitoring, and all other remedies available under Illinois law.

**PARTIES**

10. Plaintiff Landon Brooks is and at all times relevant to this action has been a citizen of the State of Illinois, domiciled in Belleville, St. Clair County, Illinois, with the intent to remain in Illinois indefinitely. Plaintiff Brooks has purchased and consumed water supplied by IAWC continuously from 2021 to the present and has used IAWC water for drinking, cooking, bathing, and other ordinary household purposes. As a result of Defendant's conduct, Plaintiff Brooks has suffered economic damages, including overpayment for contaminated water and the cost of purchasing bottled water and filtration systems.

11. Defendant Illinois-American Water Company is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 100 North Water Works Drive, Belleville, Illinois 62223. For purposes of 28 U.S.C. § 1332(c)(1), Defendant is a citizen of the State of Illinois, and only of the State of Illinois.

**JURISDICTION AND VENUE**

12. This action was originally filed in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, which had jurisdiction over the parties and the subject matter under Illinois law. Defendant removed the action to this Court on May 14, 2026, asserting federal-question jurisdiction under 28 U.S.C. § 1331 and Class Action Fairness Act jurisdiction under 28 U.S.C. § 1332(d). Plaintiff disputes both bases for removal and has moved (or will move) to remand. As alleged below, this action is, in substance, a local controversy that the Class Action Fairness Act expressly excludes from federal jurisdiction. 28 U.S.C. § 1332(d)(4).

13. Venue in this District, if the case is not remanded, would be proper under 28 U.S.C. §§ 1391(b) and 1441(a) because this is the federal district embracing the place

where the State Court Action was pending and because a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

### A. PFAS Background

14. PFAS are man-made chemicals used in industrial processes, non-stick coatings, waterproofing, and numerous consumer products.

15. PFAS are extremely persistent in the environment and the human body, earning the designation "forever chemicals."

16. PFAS accumulate in water systems, soil, wildlife, and human blood.

17. The EPA has identified PFAS as posing significant public health risks at extremely low concentrations.

18. Peer-reviewed scientific studies link PFAS exposure to:

(a) kidney and testicular cancer;

(b) immune system suppression;

(c) thyroid and hormonal disruption;

(d) liver toxicity;

(e) developmental and reproductive harm;

(f) increased cholesterol; and,

(g) pregnancy complications.

### B. PFAS in IAWC Water Systems

19. PFAS contamination has been detected in multiple IAWC service regions across Illinois, including but not limited to St. Clair County.

20. PFAS levels in certain IAWC systems have exceeded health advisory levels, proposed regulatory limits, or levels considered safe by public health authorities.

21. Defendant knew or should have known that PFAS contamination was likely present in its source waters based on, among other things, UCMR testing data, EPA health advisories, peer-reviewed scientific literature, industry publications, and state regulatory communications.

22. Despite this knowledge, Defendant failed to:

(a) adequately test for PFAS;

(b) implement appropriate filtration or treatment;

(c) warn customers of contamination;

(d) provide alternative safe water; and,

(e) adequately disclose the risks associated with PFAS exposure.

23. Plaintiff and Class members reasonably relied on Defendant to supply potable water fit for drinking, cooking, bathing, and other ordinary household uses.

24. The contaminated water supplied by Defendant was not fit for those ordinary purposes.

25. As a direct and proximate result of Defendant's conduct, Plaintiff and Class members have suffered economic damages, including overpayment for contaminated water, the cost of bottled water, the cost of filtration systems, the cost of medical monitoring, and loss of the benefit of the bargain.

## CLASS ALLEGATIONS

26. Plaintiff brings this action under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of himself and the following Class:

> *All citizens of the State of Illinois who, during the four years preceding the original filing of this action through the date of class certification (the "Class Period"), purchased water from Illinois-American Water Company for personal, family, or household use.*

27. Excluded from the Class are: (a) Defendant, its parents, subsidiaries, affiliates, officers, directors, and employees; (b) any judicial officer presiding over this action and members of his or her immediate family and judicial staff; (c) persons who purchased water from Defendant solely for resale; and (d) persons who timely and validly opt out of the Class.

28. **Numerosity.** The Class consists of more than one million Illinois citizens served by IAWC across its Illinois service areas, making joinder of all members

impracticable. The identities of Class members are ascertainable from Defendant's billing and customer-account records.

29. **Commonality.** Common questions of law and fact predominate, including:

(a) whether Defendant supplied water contaminated with PFAS;

(b) whether the water was unfit for ordinary use;

(c) whether Defendant breached the implied warranty of merchantability;

(d) whether Defendant acted negligently;

(e) whether Defendant failed to warn customers of known contamination;

(f) whether Defendant concealed or misrepresented the safety of its water;

(g) whether Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act;

(h) whether Defendant's supply and delivery of PFAS-contaminated water constitutes a private nuisance and a trespass under Illinois law;

(i) whether Defendant has been unjustly enriched;

(j) whether medical monitoring is warranted; and,

(k) the appropriate measure of damages and other relief.

30. **Typicality.** Plaintiff's claims are typical of the claims of the Class because every Class member is a citizen of Illinois who purchased water from Defendant that was contaminated with PFAS, and because all claims arise from the same course of conduct by Defendant—uniform failure to adequately test for, treat, and disclose PFAS contamination in its Illinois water systems—and rest on the same legal theories. No unique defenses apply to the named Plaintiff that would render his claims atypical.

31. **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests are aligned with, and not antagonistic to, the interests of absent Class members, and Plaintiff has no conflicts of interest with the Class. Plaintiff has

retained counsel experienced in complex litigation, environmental contamination, and class actions, who are qualified to prosecute this action vigorously on behalf of the Class.

32. **Predominance.** Common questions of law and fact predominate over any questions affecting only individual Class members. The central liability questions are answerable on common evidence consisting principally of Defendant's own water-treatment, billing, and customer records and uniform communications, together with Defendant's and the EPA's PFAS monitoring data for Defendant's service areas.

33. **Superiority.** A class action is superior to any other available method for the fair and efficient adjudication of this controversy. The damages sustained by individual Class members are relatively small compared with the cost of individual litigation. Concentration of the litigation in a single proceeding will promote judicial economy, avoid the risk of inconsistent adjudications, and ensure that the relief sought is administered consistently across the affected Illinois communities.

34. **Rule 23(b)(2) Relief.** Defendant has acted or refused to act on grounds generally applicable to the Class, making final declaratory and injunctive relief appropriate for the Class as a whole.

**CAFA Local-Controversy and Home-State Predicates**

35. Plaintiff incorporates the foregoing paragraphs by reference. The following factual predicates establish that, even if the threshold requirements of 28 U.S.C. § 1332(d)(2) are met, this action is in substance a local controversy that the Class Action Fairness Act excludes from federal jurisdiction.

36. By definition, every member of the Class is a citizen of the State of Illinois. Accordingly, more than two-thirds of the members of the proposed Class are citizens of the State in which the action was originally filed.

37. Defendant is the only defendant. Defendant is a citizen of the State of Illinois. 28 U.S.C. § 1332(c)(1). Defendant is therefore both the "primary defendant" within the meaning of 28 U.S.C. § 1332(d)(4)(B) and a defendant from whom "significant

relief is sought" and "whose alleged conduct forms a significant basis for the claims asserted" within the meaning of 28 U.S.C. § 1332(d)(4)(A).

38. The principal injuries resulting from the alleged conduct or any related conduct of Defendant occurred in the State of Illinois. Defendant's water-treatment and distribution operations, the delivery of allegedly contaminated water to Class members, and the resulting economic, property, and health-related harm to Class members all took place in Illinois.

39. During the three-year period preceding the filing of this action, no other class action has been filed against Defendant asserting the same or similar factual allegations on behalf of the same or other persons.

40. Accordingly, even assuming the threshold requirements of 28 U.S.C. § 1332(d)(2) were satisfied, the Court must decline to exercise jurisdiction under the home-state exception, 28 U.S.C. § 1332(d)(4)(B), and the local-controversy exception, 28 U.S.C. § 1332(d)(4)(A).

## COUNT I
## Breach of Implied Warranty of Merchantability (Illinois Common Law)

41. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

42. Defendant, as a supplier of drinking water in Illinois, impliedly warranted that the water it provided to Plaintiff and Class members was merchantable and fit for ordinary use.

43. Ordinary consumers reasonably expect drinking water to be safe for consumption and household use.

44. The presence of PFAS contamination rendered Defendant's water unfit for its ordinary purposes.

45. Defendant breached the implied warranty of merchantability by supplying contaminated water.

46. As a direct and proximate result of this breach, Plaintiff and Class members have suffered damages, including but not limited to:

(a) paying for water that was not of merchantable quality;

(b) purchasing bottled water or filtration systems; and,

(c) loss of the benefit of the bargain.

**COUNT II**
**Negligence (Illinois Common Law)**

47. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

48. Defendant owed Plaintiff and Class members a duty to exercise reasonable care in sourcing, treating, testing, and distributing safe, potable water, consistent with the standard of care applicable to a regulated water utility operating under Illinois law.

49. Defendant breached that duty by, among other things:

(a) failing to conduct adequate and timely testing for PFAS in its water systems;

(b) failing to install or implement adequate treatment technologies, including granular activated carbon filtration, ion exchange systems, or reverse osmosis, to remove PFAS from its distributed water;

(c) failing to warn customers of known or reasonably foreseeable PFAS contamination in its water systems;

(d) failing to disclose PFAS contamination data in Consumer Confidence Reports and other public disclosures; and,

(e) continuing to charge customers full price for water that Defendant knew or should have known was contaminated and unfit for ordinary use.

50. Defendant had actual or constructive knowledge of the presence of PFAS in its water systems based on, among other things, UCMR testing data, EPA health advisories, industry publications, and state regulatory communications. The standard of care applicable to a regulated water utility under Illinois law is informed by these and other evidentiary sources but is not defined by any federal regulation.

51. As a direct and proximate result of Defendant's breach of duty, Plaintiff and Class members have suffered damages.

**COUNT III**
**Strict Liability – Failure to Warn (Illinois Common Law)**

52. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

53. Defendant supplied a product—drinking water—that was contaminated with hazardous PFAS chemicals.

54. Defendant knew or should have known that PFAS contamination posed significant health risks.

55. Defendant failed to adequately warn Plaintiff and Class members of these risks.

56. Defendant's failure to adequately warn rendered the water unreasonably dangerous within the meaning of Illinois strict products-liability law.

57. Plaintiff and Class members have suffered damages as a result.

**COUNT IV**
**Fraud, Misrepresentation, and Concealment (Illinois Common Law)**

58. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

59. Defendant represented to Plaintiff and Class members, through its annual Consumer Confidence Reports, marketing materials, public statements, website disclosures, and regulatory filings, that its water was safe and potable. Those representations were false and misleading because Defendant knew or should have known that its water contained PFAS at levels that posed health risks.

60. Defendant concealed material facts regarding PFAS contamination, including:

(a) the presence of PFAS in its water systems;

(b) the health risks associated with PFAS exposure; and,

(c) its failure to implement adequate treatment or monitoring.

61. Defendant intended that Plaintiff and Class members rely on its representations and omissions in continuing to purchase and consume Defendant's water and in foregoing the purchase of alternative water sources or filtration systems.

62. Plaintiff and Class members reasonably relied on Defendant's statements and silence.

63. Plaintiff and Class members have suffered damages as a result of Defendant's fraudulent conduct.

**<u>COUNT V</u>**
**Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act *(815 ILCS 505/1 et seq.)***

64. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

65. Defendant engaged in deceptive and unfair acts and practices in violation of 815 ILCS 505/2 by representing, through its Consumer Confidence Reports, billing statements, and public communications, that its water was safe, potable, and compliant with applicable standards, while simultaneously concealing the presence of PFAS contamination and the associated health risks.

66. Defendant's omissions and misrepresentations were material and intended to induce reliance.

67. Plaintiff and Class members have suffered actual damages as a result of Defendant's deceptive conduct.

68. Defendant's conduct occurred in the course of trade or commerce and affects consumers statewide.

69. Plaintiff and the Class seek all remedies available under the Illinois Consumer Fraud and Deceptive Business Practices Act, including actual damages, statutory penalties, punitive damages, and reasonable attorneys' fees and costs.

**COUNT VI**
**Medical Monitoring (Illinois Common Law)**

70. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

71. Plaintiff and Class members have been exposed to PFAS through Defendant's contaminated water supply at levels significantly greater than background levels in the general population, as a proximate result of Defendant's negligence and other violations of Illinois law.

72. PFAS exposure at the levels present in Defendant's water supply increases the risk of serious latent diseases, including kidney cancer, testicular cancer, thyroid disease, liver disease, immune-system disorders, and reproductive and developmental harm.

73. Established medical-monitoring procedures exist, including blood-serum PFAS-level testing, cancer screening, thyroid function testing, liver function panels, cholesterol monitoring, and immunological assessments, that make early detection of PFAS-related diseases possible and that are different from the medical testing that would be prescribed in the absence of such exposure.

74. Plaintiff and Class members are entitled to the establishment of a court-supervised medical-monitoring program funded by Defendant.

**COUNT VII**
**Private Nuisance (Illinois Common Law)**

75. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

76. Plaintiff and Class members have a right to use and enjoy their properties, including the water supplied to their homes, free from contamination by hazardous substances.

77. Defendant's supply and delivery of PFAS-contaminated water to Plaintiff's and Class members' homes constitutes a substantial and unreasonable interference with Plaintiff's and Class members' use and enjoyment of their properties.

78. Defendant's conduct was intentional, unreasonable, and/or negligent, and the resulting interference with Plaintiff's and Class members' property rights has been continuous and ongoing.

79. As a direct and proximate result of Defendant's conduct, Plaintiff and Class members have suffered damages, including diminished property values, costs of remediation and filtration, and loss of use and enjoyment of their properties.

**COUNT VIII**
**Trespass (Illinois Common Law)**

80. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

81. Defendant, by delivering PFAS-contaminated water through its distribution system and into the homes, businesses, and properties of Plaintiff and Class members, caused a physical invasion of Plaintiff's and Class members' properties by hazardous chemical contaminants.

82. Defendant's introduction of PFAS contaminants onto Plaintiff's and Class members' properties was unauthorized and without consent.

83. As a direct and proximate result of Defendant's trespass, Plaintiff and Class members have suffered damages, including contamination of their property, costs of remediation, and diminished property values.

**COUNT IX**
**Unjust Enrichment (Illinois Common Law)**

84. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

85. Plaintiff and Class members conferred a monetary benefit on Defendant by paying for water service that Defendant represented would provide safe, potable drinking water.

86. Defendant accepted and retained the benefit of Plaintiff's and Class members' payments while knowingly or negligently supplying contaminated water that was not fit for its intended purpose.

87. It would be inequitable and unjust for Defendant to retain the benefit of Plaintiff's and Class members' payments without providing the safe, potable water for which those payments were made.

88. Plaintiff and Class members are entitled to restitution and disgorgement of all amounts paid to Defendant for contaminated water.

## PUNITIVE DAMAGES

89. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

90. Defendant's conduct was willful, wanton, reckless, and demonstrated a conscious disregard for the health and safety of Illinois residents.

91. Defendant knowingly concealed contamination, failed to warn customers, and continued to profit from the sale of contaminated water.

92. Punitive damages are warranted to punish Defendant and deter similar misconduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully requests that this Court (if it determines that subject-matter jurisdiction exists) enter judgment in Plaintiff's favor and against Defendant, and otherwise remand this action to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, for adjudication of the following relief:

A. Certifying this action as a class action under Federal Rule of Civil Procedure 23 (or, upon remand, the corresponding Illinois rule), with the Class defined above, and appointing Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

B. Awarding compensatory damages to Plaintiff and the Class;

C. Awarding restitution and disgorgement of all amounts wrongfully obtained by Defendant;

D. Entering preliminary and permanent injunctive relief requiring Defendant to remediate PFAS contamination, implement adequate treatment technologies, and provide safe water to all Class members;

E. Awarding punitive damages for Defendant's fraudulent, reckless, and willful misconduct;

F. Awarding attorneys' fees and costs pursuant to applicable law, including the Illinois Consumer Fraud and Deceptive Business Practices Act;

G. Awarding pre-judgment and post-judgment interest as permitted by law;

H. Ordering the establishment of a medical-monitoring program, funded by Defendant, to provide ongoing health surveillance for Plaintiff and Class members exposed to PFAS;

I. Ordering Defendant to implement a court-approved notice program to inform all Class members of the PFAS contamination in their water supply and the availability of remedies; and,

J. Granting such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury, pursuant to Federal Rule of Civil Procedure 38(b), on all claims and issues so triable.

Dated: May 28, 2026

Respectfully submitted,

LANDON BROOKS, individually and on behalf of other similarly situated,

By: /s/ Carson C. Menges
Carson C. Menges (IL Bar No. 6286858)
MENGES LAW FIRM, P.C.
6400 W. Main St., Ste. 1G
Belleville, IL 62223
Tel: (618) 424-4450
Fax: (618) 277-6649
cmenges@mengesfirm.com

Fletcher V. Trammell (TX Bar No. 24042053)
(Pro Hac Vice forthcoming)
TRAMMELL PC
3262 Westheimer Road, Suite 423
Houston, Texas 77098
Tel: (800) 405-1740
Fax: (800) 532-0992
fletch@trammellpc.com

Robert W. Cowan (TX Bar No. 24031976)
Aaron M. Heckaman (TX Bar No. 24059920)
Hayden N. Wyatt (TX Bar No. 24125876)
(Pro Hac Vice forthcoming)
BAILEY COWAN HECKAMAN PLLC
1360 Post Oak Boulevard, Suite 2300
Houston, TX 77056
Tel: (713) 425-7100
Fax: (713) 425-7101
rcowan@bchlaw.com
aheckaman@bchlaw.com
hwyatt@bchlaw.com

**Counsel for Plaintiff and the Proposed Class**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2026, I caused the foregoing FIRST AMENDED CLASS ACTION COMPLAINT to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Carson C. Menges*__________
Carson C. Menges